IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY LEWIS CLARK, JR.,  )<br>    Plaintiff,                             )<br>                                     )<br>v.                                         )<br>                                     )<br>COMMONWEALTH OF VIRGINIA, *et al.*, )<br>    Defendants.                      )  | Civil Case No. 7:20-cv-00290<br><br>By: Elizabeth K. Dillon<br>United States District Judge |

**MEMORANDUM OPINION**

      Gregory Lewis Clark, Jr., a Virginia inmate proceeding *pro se*, filed two complaints that were received by the Clerk on consecutive days. The first complaint named only the Commonwealth of Virginia and the Rockbridge County Sheriff's Office ("RCSO") as defendants. It asserted claims pursuant to the Virginia Tort Claims Act ("VTCA"), Virginia Code §§ 8.01-195.1–195.9, and invoked this court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

      The second, which the Clerk docketed as a "Supplemental Complaint," appears to have been signed and submitted before the original complaint, and Clark refers to it as having been filed first. (*See* Compl. 1–2, Dkt. No. 1.) It purports to bring claims pursuant to 42 U.S.C. § 1983 against the RCSO and four individual RCSO officers—defendants Wimer, Southers, Gosney, and McCullough. Specifically, Clark alleges that these defendants used excessive force in arresting him and then failed to provide medical treatment, in violation of his Eighth Amendment rights. He also asserts state-law claims of negligence, assault, and battery. His VTCA claims are based on the same events.

I.   DISCUSSION

      Because the two complaints have been docketed in the same action, and because Clark's reference to "supplemental" jurisdiction suggests that he intended that they be part of the same

action, the court will not sever the two complaints, but will treat all claims as being brought in a single case. Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Clark's claims, the court concludes that some of his claims fail as a matter of law and thus are subject to dismissal, pursuant to 28 U.S.C. § 1915A(b)(1).

**A. Claims under the Virginia Tort Claims Act**

As noted, Clark asserts claims under the VTCA against the Commonwealth of Virginia and the RCSO. First of all, the RCSO, which is not even a legal entity, cannot be sued under the VTCA. *See The Rector & Visitors of The Univ. of Va. v. Carter*, 591 S.E.2d 76, 78 (Va. 2004) ("Under the plain language of the Act, the Commonwealth (and certain "transportation districts" not here relevant) are the only entities for which sovereign immunity is waived.").

With regard to Clark's VTCA claim against the Commonwealth, it may not be brought in this court. As other courts have recognized, the VTCA waived sovereign immunity to allow certain tort claims against the state and certain limited state entities, but those claims may be brought only in Virginia state courts, not in federal court. *See Creed v. Virginia*, 596 F. Supp. 2d 930, 938–39 (E.D. Va. 2009) (ruling that a federal district court could not exercise supplemental

2

jurisdiction over a VTCA claim, because the VTCA explicitly limits jurisdiction over claims to Virginia courts); *Hairston El v. J-Pay Inc.*, No. 7:18-CV-00092, 2018 WL 1830737, at *2 (W.D. Va. Apr. 17, 2018) (same); *see also McConnell v. Adams*, 829 F.2d 1319, 1329 (4th Cir. 1987) (explaining that the Commonwealth did not, through the VTCA, waive its Eleventh Amendment immunity and consent to be sued in federal courts).

Accordingly, Clark's VTCA claim against the RCSO will be dismissed with prejudice, his VTCA claim against the Commonwealth will be dismissed without prejudice, and the Commonwealth will be terminated as a defendant.

**B. Section 1983 claims against the RCSO**

To the extent Clark names the RCSO as a defendant in his § 1983 claims, his claims likewise fail. As already noted, no legal entity with that name exists; Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. But even if Clark had named the Sheriff, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-CV-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with prejudice claims for money damages against the sheriff in his official capacity). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, all § 1983 claims against the sheriff in his official capacity are subject to dismissal.[1]

There is an exception that allows official-capacity claims under § 1983 to be asserted against state officials where a plaintiff seeks only prospective, injunctive relief. *Ex parte Young*,

---

[1] Clark does not identify any action or omission by the sheriff himself that could give rise to an individual-capacity claim.

3

209 U.S. 123 (1908); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (recognizing exception). But that exception is not applicable here for at least two reasons.

First, although Clark seeks declaratory relief in general terms and includes a general request for all other relief that is "equitable," he does not expressly request prospective injunctive relief. Second, the *Ex parte Young* exception is not "implicated where there is not any ongoing violation of federal law and a plaintiff is simply trying to rectify the harm done in the past," as Clark is here. *Doe v. Va. Polytechnic Inst. & State Univ.*, 400 F. Supp. 3d 479, 488 (W.D. Va. 2019); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("[T]he exception is narrow: It applies only to prospective relief [and] does not permit judgments against state officers declaring that they violated federal law in the past."). Accordingly, any official-capacity claim against the Sheriff is subject to dismissal in its entirety.

**C.  Section 1983 official-capacity claims against individual defendants**

For like reasons, any claims against the individual defendants in their official capacities must be dismissed. Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). But "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. And, as discussed above with regard to any claim against the Sheriff, the *Ex parte Young* exception is inapplicable here. Thus, the official-capacity claims against the individual defendants will be dismissed in their entirety.

**D.  Section 1983 individual-capacity claims against individual defendants**

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85

(4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Clark's complaint alleges two distinct § 1983 claims against all four officers. First, he asserts that the officers used excessive force in arresting him. Specifically, he alleges that when the four deputies came to arrest him, he was not resisting arrest or otherwise attempting to flee. Despite this, he claims that the defendants deployed a K-9 dog to bite him while he was handcuffed and used a taser on him. In describing these events, Clark alleges at least some specific actions by each individual. Thus, the court will direct that the complaint be served on the four individual officers as to the excessive force claim.

Clark's second § 1983 claim is a claim that defendants were deliberately indifferent and denied him medical care in violation of the Eighth Amendment. In support of this claim, he states only that he "received no medical treatment for these injuries sustained and did not receive an inoculation to counter the risk and fear of rabies and tetanus." (Dkt. No. 1 at 4.) Rather than detailing any personal involvement by any defendant as to this claim, Clark fails to identify any individual who knew of a need for medical treatment and failed to provide it. For example, he does not indicate that he complained or asked for any treatment or that any specific defendant had the ability to provide medical care or refer him for medical care and failed to do so. In light of these failures, the court will dismiss the deliberate indifference claim, but allow Clark to file

an amended complaint that states specifically who he believes was deliberately indifferent to his medical needs, as well as any facts to support those claims. Any amended complaint shall be filed not later than 30 days after entry of the court's accompanying order.

## II. CONCLUSION

To summarize, the court will dismiss without prejudice the VTCA claim against the Commonwealth of Virginia. The court also will dismiss without prejudice Clark's Eighth Amendment claims for deliberate indifference to his serious medical needs, although he will be permitted to file an amended complaint asserting those claims, if he chooses. The court will dismiss with prejudice Clark's claims against the RCSO and the official-capacity claims against defendants.

All other claims remain in the case at this time. Those claims are Clark's Eighth Amendment excessive force claims, brought against all four individual defendants in their individual capacities, and his state-law claims for negligence, assault, and battery. The Clerk will be directed to effect service on the four individual defendants, and an appropriate order will be issued.

Entered: August 12, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge